Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation (2021 NY Slip Op 03769)





Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation


2021 NY Slip Op 03769


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, WINSLOW, AND BANNISTER, JJ.


941 CA 19-01942

[*1]IN THE MATTER OF NIAGARA MOHAWK POWER CORPORATION, DOING BUSINESS AS NATIONAL GRID, PETITIONER-APPELLANT,
v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, RESPONDENT-RESPONDENT. 






BOND, SCHOENECK & KING, PLLC, SYRACUSE (KEVIN M. BERNSTEIN OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JOSHUA M. TALLENT OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered September 20, 2019 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting the petition insofar as it sought to annul those parts of the determinations imposing condition 6 of the Alabama-Telegraph permits and condition 7 of the Huntley-Lockport permits, and as modified the judgment is affirmed without costs.
Memorandum: This proceeding concerns three projects undertaken by petitioner to repair and upgrade its power equipment. The three projects are known as the Alabama-Telegraph project, the South Dow-Poland project, and the Huntley-Lockport project. For each project, petitioner applied to respondent for both a freshwater wetland permit under Environmental Conservation Law (ECL) article 24 and a corresponding water quality certification (WQC) under 33 USC § 1341 (collectively, permits).
Respondent granted the requested permits, but it conditioned them on petitioner's undertaking of a comprehensive post-construction program to monitor and suppress the spread of multiple invasive plant species at the project sites. Insofar as relevant here, the Alabama-Telegraph and Huntley-Lockport permits provided that petitioner would be "compliant" with the invasive-species mitigation conditions only if there was no net increase in certain invasive plant species at the project sites after five growing seasons. In other words, the Alabama-Telegraph and Huntley-Lockport permits obligated petitioner to discover and eliminate any net increase in designated invasive plants at the project sites for five years after construction had ended, irrespective of whether that increase was in any way attributable to petitioner or its construction activities.
Petitioner then commenced this CPLR article 78 proceeding to, in effect, annul those parts of respondent's determinations imposing the invasive-species mitigation conditions. As relevant here, petitioner argued that respondent lacked authority to condition the permits on invasive-species mitigation of any kind. Even if respondent had such authority in the abstract, petitioner continued, the specific invasive-species mitigation conditions in the subject permits were arbitrary and capricious because they made petitioner responsible for controlling invasive-species growth that it had no role in causing. Supreme Court summarily dismissed the petition on the merits. Petitioner now appeals.
Preliminarily, we agree with respondent that the petition is time-barred insofar as it [*2]challenges any aspect of the determination regarding the South Dow-Poland project (see ECL 24-0705 [6]). The balance of our analysis therefore concerns only the Alabama-Telegraph and Huntley-Lockport projects.
Contrary to petitioner's contention, respondent was authorized to require some form of invasive-species mitigation as a condition of a freshwater wetland permit under ECL article 24. The governing statutory scheme authorizes the issuance of a freshwater wetland permit subject to "conditions or limitations designed to carry out the public policy set forth in this article" (ECL 24-0705 [4]), and the "public policy" of ECL article 24 is to, inter alia, "preserve, protect and conserve freshwater wetlands and the benefits derived therefrom, to prevent the despoliation and destruction of freshwater wetlands, and to regulate use and development of such wetlands to secure the natural benefits of freshwater wetlands" (ECL 24-0103). Requiring the mitigation of invasive species plainly advances the public policy of ECL 24-0103 and is thus permitted by ECL 24-0705 (4) (see generally Matter of Town of Henrietta v Department of Envtl. Conservation of State of N.Y., 76 AD2d 215, 222-223 [4th Dept 1980]). Petitioner's reliance on Matter of While You Wait Photo Corp. v Department of Consumer Affairs of City of N.Y. (87 AD2d 46 [1st Dept 1982], appeal dismissed 57 NY2d 957 [1982]) is unavailing because, unlike here, the condition imposed in that case was directed at policy concerns outside the jurisdiction of the regulating agency.
Contrary to petitioner's further contention, respondent was authorized to require some form of invasive-species mitigation as a condition of a WQC. While petitioner correctly notes that respondent may not deny a WQC application in its entirety based on factors outside the "water quality standards set forth by [6 NYCRR parts 701 to 704]" (Matter of Niagara Mohawk Power Corp. v New York State Dept. of Envtl. Conservation, 82 NY2d 191, 194 [1993], cert denied 511 US 1141 [1994]), respondent may grant a WQC application subject to conditions that are reasonably "necessary to ensure [the] permittees' compliance with [parts 701 to 704]" (Matter of Port of Oswego Auth. v Grannis, 70 AD3d 1101, 1103 [3d Dept 2010], lv denied 14 NY3d 714 [2010]; see 33 USC § 1341 [d]; see generally Niagara Mohawk Power Corp., 82 NY2d at 200). As the Third Department held in Port of Oswego Auth., an invasive-species mitigation condition is reasonably necessary to ensure compliance with, at a minimum, the part 703 regulation that prohibits the introduction of " 'other deleterious substances' [in] amounts that will . . . 'impair the waters for their best usages' " (70 AD3d at 1104, quoting 6 NYCRR 703.2).
We agree with petitioner, however, that the particular invasive-species mitigation conditions that respondent attached to the Alabama-Telegraph and Huntley-Lockport permits are arbitrary and capricious. It is undisputed that the project sites are already infested with multiple invasive plant species, and it is likewise undisputed that those invasive species can be propagated by factors wholly beyond petitioner's control, such as birds, wind, and all-terrain vehicles. Indeed, respondent has never denied that some spread of invasive plants at the project sites is inevitable regardless of any human activities. Thus, by obligating petitioner to suppress any net increase of certain invasive species at the project sites for a five-year period, irrespective of petitioner's role in creating or exacerbating such growth, respondent is effectively requiring petitioner to do something impossible. As we held under materially indistinguishable circumstances with respect to condition 18 in Town of Henrietta (76 AD2d at 225), such a requirement is quintessentially irrational and arbitrary. We therefore modify the judgment accordingly.
Petitioner's remaining contentions are academic in light of our determination.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court